IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEPHEN DOUGLAS MCCASKILL,    )
   )
      Plaintiff,    )
   )
      v.    )      Case No. 3:17-cv-354-NJR-DGW
   )
ALFONSO DAVID, et al.,    )
   )
      Defendants.    )

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motions for Recruitment of Counsel filed by Plaintiff, Stephen McCaskill, on March 22, 2018 (Doc. 36) and April 12, 2018 (Doc. 38). The Motions are **DENIED**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education,

skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

In his first motion, Plaintiff only stated "[f]or summary judgment and in assisting me with this case because I don't understand these proceedings with all due respect you honor I need representation please." That motion was taken under advisement (Doc. 37) and Plaintiff was directed to fill out the form "Motion for Recruitment of Counsel" and specifically indicate what steps he had taken to acquire counsel prior to seeking the Court's intervention. In response, Plaintiff submitted the form in which he states that he contacted Jan Kodner and Associates and Kenneth Flaxman, by phone, who indicated they were too busy. The Court finds that contacting two attorneys is an insufficient attempt to secure counsel without Court intervention. However, even if Plaintiff had met his threshold burden, counsel still will not be recruited.

Plaintiff represents that he is a high school graduate but that he needs counsel because he is unfamiliar with the law and his medication adversely affects his ability to focus. Plaintiff has been released from prison and resides in Crete, Illinois. The Court notes that Plaintiff's complaint is type-written in English and it is clear that Plaintiff has the ability to communicate effectively. Plaintiff also submitted various grievances at the institution that are likewise well-written. He also is capable of following the Court's instructions, as demonstrated by this pleadings in this matter, and participate in conferences, as demonstrated by his participate in a January 17, 2018 conference in a related matter (3:17 cv 353-NJR-DGW, *McCaskill v. Moore, et al.*). The fact that Plaintiff is not a lawyer and may not be entirely familiar with legal process is something that is not unique to Plaintiff and does not appear to hinder his ability to follow the Court's directions.

Moreover, Plaintiff has alleged in this lawsuit that he was retaliated against for acting as a jailhouse lawyer for another inmate.   As such the Court is not so wholly convinced that Plaintiff lacks the capacity to litigate this action (notwithstanding the medication he is taking).

Plaintiff is accordingly **ORDERED** to respond in writing to the pending motions for summary judgment (Docs. 28 and 31) by **July 10, 2018**.   Plaintiff is **WARNED** that the failure to respond may result in a report and recommendation that the motions be granted.   This matter also is **SET** for a motion hearing on the motions for summary judgment on **July 17, 2018** at **2:30 p.m.** at the Federal Courthouse in East St. Louis, Illinois.   Plaintiff must appear ***in person*** and Defendants shall appear by counsel.       Plaintiff is again **WARNED** that the failure to appear may result in a report and recommendation that this matter be dismissed for want of prosecution.

**DATED: June 21, 2018**

**DONALD G. WILKERSON**
**United States Magistrate Judge**